IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS

        Plaintiff,                    No. CIV S-06-2381 FCD KJM P

    vs.

D.L. RUNNELS, et al.

        Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He alleges that defendants Runnels, James, Roche, Cox and Scovel denied or delayed giving him adequate medical treatment in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Defendants' motions to dismiss are now before the court.

I.    <u>Standard Of Review</u>

        In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

        In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

1

1  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
2  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
3  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
4  claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at
5  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
6  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
7  Iqbal, 129 S. Ct. at 1949.

8  II.   Analysis

9  Plaintiff alleges he was denied or delayed adequate medical care while
10 incarcerated at High Desert State Prison. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the
11 Supreme Court held that inadequate medical care did not constitute cruel and unusual
12 punishment cognizable under section 1983 unless the mistreatment rose to the level of
13 "deliberate indifference" to serious medical needs.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

21 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see
22 also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other
23 grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).
24 /////
25 /////
26 /////

There is no Eighth Amendment violation if any delay in treatment is not harmful. Shapley v. Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir. 1985). However, unnecessary continuation of pain may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care. McGuckin, 974 F.2d at 1062.

An allegation of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment

Id. at 1060.

Each of the defendants has averred essentially the same grounds for dismissal. Collectively, they argue that "the Second Amended Complaint fails to allege that Williams even had a serious medical need, that he saw Defendants for his serious medical need, that Defendants knew that Williams had a serious medical need, and that Defendants knew that Williams faced a substantial risk of serious harm to his health, but failed to take reasonable measures to abate the risk." Joint Reply of Runnels, James and Roche at 2.[1]

/////

---

[1] See Docket No. 41. Defendants Cox and Scovel filed a separate joint reply with identical language. See Joint Reply of Cox and Scovel at 2 (Docket No. 52).

Contrary to defendants' argument, plaintiff has not failed to adequately allege a serious medical need. Plaintiff might have described the nature of his condition with greater specificity in the second amended complaint, but he does state that the condition at issue was "the growing cancer," with a need to be seen by a urologist.[2] Second Am. Compl. (Compl.) at 3, 5.[3] Although the reference to cancer appears in the section outlining the allegations against defendant Cox, it provides sufficient factual content to support a reasonable inference that cancer is the "serious medical need" pled against every defendant in order to state an Eighth Amendment claim against each of them. The complaint thus meets the first prong of a cause of action for inadequate medical care – the presence of a "serious medical need" – as to each defendant.

As to the subjective "deliberate indifference" element, as explained below, the court finds plaintiff has sufficiently alleged this aspect of his claim as to the medical personnel named as defendants, but not as to the sole non-medical defendant, Warden Runnels.

As to defendant Roche, named as "the chief medical officer" at the prison, plaintiff alleges he "suffered great pain and thus further injury because of the ... denials with no penological reason and interest." Compl. at 4. He alleges that Roche acted with "deliberate indifference" in issuing denials for three years, and that any referrals for further treatment had to be approved by Roche "before [] plaintiff [could] be seen by the only specialist who can diagnose treatment plans."[4] Id. The reasonable inference is that Roche did not approve referrals for cancer

---

[2] In his opposition to the motions to dismiss, plaintiff clarifies he had prostate cancer that resulted in having his prostate gland removed. See Opp'n at 2. This clarification is consistent with plaintiff's allegation in the second amended complaint that his "condition steadily worsened to the point of no treatment but removal only." Compl. at 4.

[3] Page references are to those assigned by the court's CM/ECF system.

[4] The allegation that Roche had authority to approve (or disapprove) referrals to a specialist appears in the statement of a cause of action labeled as against defendant James. See Compl. at 4. Although inartfully placed, the allegation, if true, implicates Roche as having a direct causal link to any harm plaintiff may have suffered because of deliberate indifference to a serious medical need.

treatment even though Roche in fact knew about the plaintiff's condition. These allegations are concrete enough and the inferences sufficient to state a claim for the denial of medical treatment in violation of the Eighth Amendment. Cf. Greeno v. Daley, 414 F.3d 645, 654-55 (7th Cir. 2005) (denying summary judgment on claims that the director of health services and the treating physician failed to refer prisoner to a specialist for a serious medical condition).

As to defendant James, whom the plaintiff identifies as "the primary physician," plaintiff alleges that "[a]s a result of this denial for years on end plaintiff's condition steadily worsened to the point of no treatment but removal only." Compl. at 4. Plaintiff thus makes a similar allegation of causal involvement against defendant James as he does against defendant Roche, focused on James's denial of a referral. This allegation is sufficient to state a claim for the denial of medical treatment in violation of the Eighth Amendment.

As to defendant Cox, plaintiff alleges Cox was the physician to whom plaintiff "complained... of pain and possible treatment of the growing cancer," and that "plaintiff was met with the same blat[ant] denials." Compl. at 4-5. This allegation also is sufficient to state a claim for the denial of medical treatment in violation of the Eighth Amendment.

As to defendant Scovel, plaintiff alleges that Scovel "is a nurse who upon my return... continuously refused me... my medications and thus as a result plaintiff suffer[ed] phenomenal pain in the weeks of recovery ahead." Compl. at 5-6. This allegation is sufficient to state a claim for the denial of medical treatment in violation of the Eighth Amendment. See Estelle, 429 U.S. at 105 (listing "intentionally interfering with the treatment once prescribed" as an example of deliberate indifference to a serious medical need).

As to defendant Runnels, the warden at High Desert State Prison, plaintiff alleges he "suffered great pain and thus injury" because of "Runnels' denials to let plaintiff be seen by a urologist, until it was too late to treat plaintiff's condition." Compl. at 3, ¶ IV. He demands that Runnels be held liable in part based on "the seriousness of my condition." Id., ¶ V. However, in his opposition plaintiff states that "[t]his refusal comes to D.L. Runnels by way of color of

1  authority and chain of command through ... Chief Medical Officer S.M. Roche." Opp'n at 2.
2  Plaintiff's clarification pleads away the claim by making clear the only theory of liability asserted
3  against Runnels is vicarious liability.  A prison officer with a supervisory rank cannot be held
4  liable for another officer's constitutional tort simply by virtue of his supervisory position.  See
5  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  When a named defendant to a prisoner's
6  civil rights case holds a supervisory position, the causal link between that defendant and the
7  claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,
8  862 (9th Cir. 1979).  The plaintiff must allege that the defendant either participated personally in
9  the alleged deprivation, knew of the violations and failed to act to prevent them, or promulgated
10 or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional
11 rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646
12 (citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Moreover, "[i]f
13 a prisoner is under the care of medical experts... a non-medical prison official will generally be
14 justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236
15 (3rd Cir. 2004); see also Durmer v. O'Carroll, 991 F.2d 64, 68 (3nd Cir. 1993) (dismissing two
16 non-medical prison personnel because "neither can be considered deliberately indifferent simply
17 because they failed to respond directly to the medical complaints of a prisoner who was already
18 being treated by the prison doctor").

19         The second amended complaint, as clarified by plaintiff's opposition, states that
20 plaintiff was under the care of at least three physicians at all times relevant to this action, and that
21 the refusals of proper medical treatment should be imputed against defendant Runnels by
22 operation of the chain of command.  The cause of action against Runnels cannot proceed on such
23 allegations.  Therefore it should be dismissed.
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motions to dismiss (docket nos. 37, 43 and 47) as to defendants Roche, James, Cox and Scovel be denied; and

2. The motion to dismiss (docket no. 37) as to defendant Runnels be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2009.

_____
U.S. MAGISTRATE JUDGE

4
will2381.57