IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

        Plaintiff,                  No. CIV S-06-2381 FCD KJM P

   vs.

D.L. RUNNELS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On August 26, 2009, plaintiff filed a motion for protective order alleging that prison officials have blocked access to the prison law library and his own legal materials and that he is "in imminent danger of not receiving his pain medication." Mot. (Docket No. 55) at 3. Defendants have not filed a response to the motion.

        The motion is not specific as to the nature of the property and materials that prison officials are allegedly withholding, but they appear to be materials plaintiff believes are necessary to pursue his legal claim. An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). This right encompasses more than access to an adequate law library: it includes access to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."

1

Id. at 824-25.  To prevail, however, it is not enough for an inmate to show some sort of denial: he must also show "actual injury" from the denial or delay of services.  The Supreme Court has described the actual injury requirement:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).  If prison officials have denied this plaintiff legal materials, that denial has not blocked plaintiff from filing the instant motion or the numerous other requests for relief that have recently followed it.  Without more specificity from plaintiff as to the nature of the alleged deprivation, and with no injury from any deprivation apparent on the face of the motion or the record of this case, the motion for return of his legal property will be denied.[1]

The nature of the other allegation – i.e., that plaintiff is "in imminent danger" of not receiving pain medication – requires a response from defendants.  Therefore the court will order defendants to file a response to that allegation within five days of the entry of this order.

Accordingly, IT IS HEREBY ORDERED that:

1.  The motion for a protective order (Docket No. 55) is denied insofar as plaintiff seeks relief from the alleged deprivation of access to the prison law library and his own legal materials;

---

[1] Plaintiff does not name the prison officials who are allegedly withholding legal materials from him.  As a general rule, this court is unable to issue an injunctive order against individuals who are not parties to the suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).  Likewise, if the injury caused by the alleged deprivation of legal materials hinders plaintiff from pursuing a claim other than the ones alleged in this case, the deprivation and injury are not redressable in this case.

1     2. The motion for protective order (Docket No. 55) is held in abeyance insofar as
2  plaintiff seeks relief regarding pain medication; and
3     3. Defendants shall file a response to the allegation that plaintiff is in imminent
4  danger of not receiving pain medication, no later than five days from the entry of this order.
5  DATED: November 23, 2009.

_____
U.S. MAGISTRATE JUDGE

4
will2381.ord