IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS

      Plaintiff,         No. CIV S-06-2381 FCD KJM P

  vs.

D.L. RUNNELS, et al.

      Defendant.         FINDINGS AND RECOMMENDATIONS

                          /

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On November 23, 2009, the court ordered defendants to respond to the allegation in plaintiff's motion for a "protective order" that he was "in imminent danger" of not receiving medication for back pain. Order at 2 (Docket No. 65).[1] Defendant promptly filed a response.

        Plaintiff's motion was filed August 26, 2009. It sought relief that was prospective at the time: that is, plaintiff did not allege that he had already been deprived pain medication, he alleged that at some point in the near future pain medication would be unnecessarily discontinued. However, respondents have submitted the sworn statement of J. Burgett, a nurse practitioner at High Desert State Prison where plaintiff is housed, to show that a prescription for

---

[1] The order of November 23 denied the motion for protective order insofar as plaintiff alleged that prison officials were blocking his access to the prison library.

1

1  neurontin was administered until it expired on September 13, 2009. Declaration of J. Burgett ¶ 3
2  (Docket No. 66-2). Burgett also states that she re-assessed plaintiff on September 16, 2009, and
3  prescribed him Tylenol for his complaints of lower back pain as well as ordered physical therapy
4  for him. Id. ¶ 4. For his part, plaintiff has not filed an objection to contradict defendant's
5  submission.

6  The legal principles applicable to a request for the kind of injunctive relief
7  plaintiff seeks are well established. To prevail, the moving party must show either a likelihood
8  of success on the merits and the possibility of irreparable injury, or that serious questions are
9  raised and the balance of hardships tips sharply in the movant's favor. See Coalition for
10 Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v.
11 Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two
12 points on a sliding scale with the focal point being the degree of irreparable injury shown.
13 Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must
14 demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a
15 significant showing of possible irreparable harm, the court need not reach the issue of likelihood
16 of success on the merits. Id.

17 As detailed above, there is no evidence of any "imminent danger" that plaintiff is
18 not or will not receive adequate treatment for pain. Therefore the motion for protective order,
19 insofar as it concerns the administration of necessary pain medication, should be denied.

20 Accordingly, IT IS HEREBY RECOMMENDED THAT the motion for protective
21 order (docket no. 55) be denied insofar as it concerns the administration of necessary pain
22 medication to plaintiff, and that the Clerk of Court be instructed to terminate the motion.

23 These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
25 one days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  December 10, 2009.

_____
U.S. MAGISTRATE JUDGE

4
will2381.ord