1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS,

11              Plaintiff,                    No. CIV S-06-2381 FCD KJM P

12        vs.

13   D.L. RUNNELS, et al.,               ORDER AND

14              Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C.

17   § 1983.  He alleges that defendants denied or delayed giving him adequate medical treatment in

18   violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.

19   Defendants James, Roche and Cox have filed a motion to dismiss alleging that plaintiff failed to

20   exhaust administrative remedies prior to filing this lawsuit.[1]  Plaintiff has opposed the motion,

21   and defendants have filed a reply.

22   _____

23        [1] Contrary to the docket entry for the motion to dismiss, defendant Scovel is not a party to
     this motion.  Defendant Scovel's motion to dismiss for failure to state a claim was denied
     September 30, 2009.  See Docket No. 57.  Accordingly, all references to defendants in these
24   Findings and Recommendations are to James, Roche and Cox.  As for defendant Scovel, he was
     required to file an answer within fourteen days of the denial of his motion to dismiss.  Fed. R.
25   Civ. P 12(a)(4)(A). The Clerk of Court will be directed to enter a default against defendant
     Scovel.  See Fed. R. Civ. P. 55(a); J2 Global Communications, Inc. v. Blue Jay, Inc., 2009 WL
26   4572726 *4 (N.D.Cal.).

                                            1

I.     Plaintiff's Allegations And Defendants' Grounds For Dismissal

Plaintiff alleges that defendants were deliberately indifferent to and denied him adequate medical treatment for prostate cancer.  See Second Am. Compl. (Docket No. 25) at 4-5.[2]  He alleges that defendants failed to refer him to a urologist "until it was too late" and his "condition steadily worsened to the point of no treatment but removal only."  Id. at 3-4.  Although his complaint does not explicitly state that his prostate gland was removed, plaintiff made that allegation clear in his opposition to defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the court denied as to all defendants except Warden Runnels.  See Docket Nos. 54 and 57.  Plaintiff seeks compensatory and punitive damages.

Defendants James, Roche and Cox again move to dismiss, arguing that the claims in the second amended complaint regarding pre-prostatectomy treatment have not been exhausted.  See Defs.' Mot. at 5-7 (Docket No. 56).  Defendants concede that plaintiff has exhausted appeals complaining only about plaintiff's post-prostatectomy treatment, but that treatment is not covered by plaintiff's claims against James, Roche and Cox.  Id.

II.    Exhaustion

A.    Standard Of Review

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).  In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

/////

---

[2] Page references are to those assigned by the court's CM/ECF system.

The exhaustion requirement is rooted in the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The California Department of Corrections and Rehabilitation's (CDCR) regulations provide administrative procedures at one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Generally, a prisoner exhausts his administrative remedies when he receives a "Director's Level Decision," or third formal level of review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

B. Factual Background

Defendants submit two declarations stating that plaintiff did not exhaust appeals regarding any pre-prostatectomy treatment involving these defendants. See Decl. of T. Robertson (Docket Nos. 56-3 and 56-4); Decl. of N. Grannis (Docket Nos. 56-1 and 56-2). Robertson, the Appeals Coordinator at HDSP, states that plaintiff filed three appeals concerning medical issues containing allegations against defendants while he was housed at High Desert State Prison (HDSP). In the first appeal, plaintiff complained of his state issued boots and medication for pain. See Robertson Decl. ¶ 6 (discussing Log No. HDSP-02-01055), Exs. 1, 2, 3. In the second, plaintiff complained of the denial of medication and unsanitary conditions at the prison medical facility following his prostatectomy. Id. ¶ 7 (discussing Log No. HDSP-05-02947), Exs. 4, 5, 6. In the third, plaintiff alleged he was still suffering from post-surgery complications when he was shot with a "block gun" and received no medical attention afterwards, further complicating his condition. Id. ¶ 8 (discussing Log No. HDSP-06-00713),

1   Exs. 7, 8, 9.[3]  Robertson states that plaintiff "has not filed any other administrative appeals, at the

2   first level of review or beyond, regarding Defendants James, Roche, Cox and Scovel" concerning

3   defendants' treatment before the prostatectomy.[4]  Id. ¶ 9.  Defendants also present the affidavit of

4   N. Grannis, Chief of the Inmate Appeals Branch of CDCR.  Grannis states that plaintiff

5   submitted no third-level appeals concerning defendants' pre-surgery denial of referral to a

6   specialist.  See Grannis Decl. (Docket No. 56-1) ¶ 8.

7              In his opposition, plaintiff does not contend that his request for medically required

8   footwear, Log No. HDSP-02-01055, exhausted the claims in the second amended complaint.

9   Plaintiff also does not argue that the appeal concerning injuries from the "block gun" incident,

10  Log No. HDSP-06-00713, satisfies the exhaustion requirement for this case.

11             Plaintiff contends the second appeal discussed in Robertson's and Grannis's

12  declarations, Appeal Log No. 05-02947, concerns "past and present" medical issues broadly

13  enough to exhaust the claims against James, Roche and Cox for their medical treatment before

14  the prostatectomy.  See Opp'n (Docket No. 58) at 6-8.  The 602 form initiating that appeal states

15  plaintiff's position, in pertinent part, that it was "bad enough that 4-years went by without the

16  medical attention I needed," and "this recent surgery is a perfect example of the neglect by the

17  medical department."  See Mot. to Dismiss, Ex. 4 (Docket No. 56-4) at 14-15.  However, these

18  are only general, passing references to plaintiff's earlier treatment in a lengthy complaint about

19  his post-prostatectomy medical care.  Plaintiff identifies his recovery from surgery as "the

20  problem" on the 602 form and asks for "the proper medicines to help in my recovery."  Id. at 10.

21  Plaintiff exhausted this appeal, and apparently it led to some responsive measures by prison staff

22  regarding his recovery.  It does not, however, alert prison staff to a specific problem regarding

23  ───────────────────

24      [3] Defendants have submitted the Director's Level decision for each of the administrative
    appeals at issue, with the Grannis declaration discussed below.  See Docket No. 56-2.

25      [4] Robertson refers to a summary of plaintiff's allegations he says are in paragraph four of
    his declaration.  See Decl. of T. Robertson ¶ 9.  The court presumes that Robertson meant to refer
26  to paragraph five, which contains the summary of plaintiff's complaint.

1  treatment before the prostatectomy.  Log No. HDSP-05-2947 cannot stand as proof that plaintiff

2  exhausted any claims about pre-surgery treatment.

3          Plaintiff also claims in his opposition that he filed additional appeals that were

4  lost or destroyed.  See Opp'n at 5-7.  Failure to exhaust the administrative appeals process may

5  be excused if prison staff renders the process effectively unavailable.  See Nunez v. Duncan, 591

6  F.3d 1217 (9th Cir. 2010).  Plaintiff presents a fourth 602 form as evidence that he says "in

7  essence nullifies" the declarations submitted by defendants because it involves pre-prostatectomy

8  medical care and is not discussed in Robertson's or Grannis's declarations.  See Opp'n at 7.

9  Plaintiff apparently documents the history of that appeal, recorded as Log No. HDSP-03-0030,

10  only to support his contention that defendants interfered with the appeals process.  See Opp'n

11  (Docket No. 58), Ex. A.  He concedes the appeal was not exhausted.  See Opp'n at 7.

12          This fourth appeal does notify prison staff of complaints about plaintiff's pre-

13  prostatectomy care.  However, there is no evidence that prison officials interfered with this

14  appeal or any other.  The attachments to plaintiff's opposition show that his third-level filing of

15  this appeal was returned because it was untimely. See Opp'n at 34, Ex. I (N. Grannis declining

16  the appeal at Director's Level for failure to meet submission deadlines).

17     C. Analysis

18          The primary purpose of an administrative appeal is to notify prison officials of a

19  problem with prison conditions.  Defendants correctly make the distinction between claims

20  regarding pre-prostatectomy and post-prostatectomy treatment in their motion to dismiss for

21  failure to exhaust.  There is no evidence that plaintiff exhausted his claim for inadequate pre-

22  surgery treatment against defendants James, Roche or Cox.

23          The one grievance form that is both exhausted and potentially relevant to this

24  case, Appeal Log No. HDSP-05-2947, complains only of deficiencies in post-surgery treatment,

25  and accuses defendants Cox and James of deliberate indifference to the conditions of his

26  recovery.  As noted, however, plaintiff's second amended complaint alleges deliberate

1   indifference against James, Roche and Cox for their failure to refer him to a specialist before a

2   prostatectomy became necessary.  See Second Am. Compl. at 4-5.  Even with the liberal reading

3   afforded pleadings by pro se litigants, the court can draw no reasonable inference from those

4   allegations that would include James, Roche and Cox in a claim for post-surgery mistreatment.[5]

5   Therefore the instant motion to dismiss for failure to exhaust should be granted.

6   III.    Plaintiff's Motions

7           A.   Sanctions

8                Plaintiff has moved for sanctions against defendants, pursuant to Federal Rule of

9   Civil Procedure 11(c).  See Docket No. 62.  Plaintiff argues that defendants filed their second

10  motion to dismiss, in which they argue that plaintiff has failed to exhaust his claims against

11  James, Roche and Cox, for the purpose of harassing plaintiff and causing unnecessary delay.  The

12  motion is without merit and will be denied.

13          B.   "Summary Judgment"

14               On January 13, 2010, plaintiff submitted a paper styled "Notice of Motion for

15  Summary Judgment."  See Docket No. 71.  It was docketed as a motion for summary judgment,

16  but on review it contains only a statement of alleged damages, without any argument of fact or

17  law in support of summary judgment.  It asks for no relief at all.  The court will direct the Clerk

18  of Court to re-characterize the filing as a statement of damages.

19          C.   "Imminent Danger"

20               Plaintiff has submitted a motion "to present further evidence of Imminent

21  Danger," see Docket No. 73, which the court construes as a request for the court to reconsider its

22  denial of plaintiff's earlier motion for a protective order, wherein the plaintiff alleged he was in

23  imminent danger of not receiving medication for back pain.  See Docket Nos. 67, 74.  Plaintiff

24
        [5] In contrast to the claims against James, Roche or Cox, the claim against defendant
25  Scovel refers to that defendant's actions "upon [plaintiff's] return" from surgery and alleges
    those actions caused "phenomenal pain in the weeks of recovery ahead."  Second Am. Compl. at
26  5-6.

1  submits no evidence to support reconsideration of the court's denial.  Therefore plaintiff's

2  request should be denied.[6]

3      D.  Summary Judgment

4          Plaintiff has filed two identical motions for summary judgment.  See Docket Nos.

5  77, 81.  Because plaintiff has not exhausted his claims against defendants James, Roche and Cox,

6  the motions for summary judgment against them are moot.  As to defendant Scovel, they should

7  be denied even though Scovel has not answered them.  Summary judgment is appropriate when

8  the movant demonstrates that there exists "no genuine issue as to any material fact and that the

9  moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c ).  In both of his

10  motions, plaintiff submits no discussion of the facts of his claim against Scovel such that the

11  court could decide there are no genuine issues of material fact and enter judgment in plaintiff's

12  favor under Federal Rule of Civil Procedure 56.  The motions should be denied without

13  prejudice, subject to renewal of a motion against any remaining defendants, if a schedule for

14  dispositive motions is set in the future.

15      E.  Motions For Judicial Intervention

16          Plaintiff's multitudinous filings have become a burden for the court and have

17  contributed to delay in the resolution of pending matters in this case.  Plaintiff shall not file any

18  new motions for summary judgment until discovery has concluded.  Failure to honor this

19  restriction may subject plaintiff to sanctions, including dismissal of this case.

20          Plaintiff has submitted two other filings that are identical to each other, at docket

21  numbers 78 and 83.  Although they are docketed, respectively, as a motion for summary

22  

---

23      [6] Plaintiff begins his motion to present further evidence of imminent danger by stating he
24  wishes to add three more defendants to this cause of action.  At this stage in the proceedings,
   without an agreement from defendants, plaintiff can add new defendants only with permission of
   the court, after a showing consistent with the requirements of Federal Rule of Civil Procedure
25  15(a)(2) and Local Rule 220.  Although the court construes the motion solely as one seeking the
   court's reconsideration of its denial of injunctive relief, the court notes that plaintiff's submission
26  also does not meet the requirements for requests to add defendants.

judgment and a "motion regarding discovery," the court construes them as motions for judicial intervention in obtaining information to serve defendant Dial, a physician who, plaintiff alleges, rendered inadequate medical treatment.[7]   The court earlier instructed plaintiff to seek Dr. Dial's information through discovery or the California Public Records Act, § 6250 et seq.  See Order at 2 (docket no. 75).  The court left open the possibility of judicial intervention if plaintiff's efforts to obtain the information were denied.  Id.

Plaintiff supports his motions for judicial intervention with a letter from the litigation coordinator at HDSP, stating that CDCR had denied his request for information to serve Dr. Dial.  See Docket No. 82, Ex. A.  The letter also states Dr. Dial is no longer employed by CDCR.  Id.

In light of plaintiff's apparent good faith effort to obtain the information necessary to serve Dr. Dial, the court finds plaintiff's first motion for judicial intervention well taken.[8]  Defendants' counsel shall query CDCR to ascertain the whereabouts of Dr. Dial.  If defendant Dial is employed with another California state agency, or if counsel is otherwise informed of the business address of defendant Dial, counsel shall provide the business address to plaintiff.  If counsel is able to ascertain only the residence address for Dr. Dial, counsel shall promptly provide that information to the U.S. Marshals Service to facilitate service.  Defendants' counsel shall file and serve a report, informing the court of its efforts to comply with this order and the results of its inquiry, within thirty days of the entry of this order.

/////

/////

---

[7]  Plaintiff styles his first motion for judicial intervention as one for relief pursuant to the California Public Records Act "in contrast to... summary judgment."  See Docket No. 78. Plaintiff in passing suggests summary judgment as an alternative form of relief at the end of his motion, although erroneously.  The "motion regarding discovery" contains the same passing, alternative request for summary judgment, also unsupported.  The court will direct the Clerk of Court to re-characterize both submissions as motions for judicial intervention.

[8]  Because the second motion for judicial intervention is duplicative of the first, it is moot.

V.   <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for sanctions against defendants (Docket No. 62) is denied.

2.   The Clerk of Court is directed to re-characterize Docket No. 71 as "plaintiff's statement of damages."

3.   The Clerk of Court is directed to re-characterize Docket Number 78 and Number 83 each as "motion for judicial intervention in obtaining information for service of defendant Dial."

4.   Plaintiff's motion for judicial intervention (Docket No. 78), as re-characterized, is granted to the extent described in the discussion above.

5.   Defendants' counsel shall query CDCR to ascertain the whereabouts of defendant Dial.  Defendants' counsel shall file and serve the report directed above, informing the court of efforts to comply with this order, within thirty days of the entry of this order.

6.   Plaintiff's motion for judicial intervention (Docket No. 83), as re-characterized, is denied as moot.

7.   The Clerk of Court is directed to enter default against defendant Scovel.

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's motion to present further evidence of imminent danger, construed by the court as a motion to reconsider (Docket No. 73), be denied.

2.   The motion to dismiss by defendants James, Roche and Cox (Docket No. 56) be granted for failure to exhaust administrative remedies.

3.   Plaintiff's motions for summary judgment (Docket Nos. 77 and 81) be denied as to defendants James, Roche and Cox, and denied without prejudice as to defendant Scovel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

9

1    objections with the court and serve a copy on all parties.  Such a document should be captioned

2    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3    shall be served and filed within seven days after service of the objections.  The parties are

4    advised that failure to file objections within the specified time may waive the right to appeal the

5    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  **If a party does not**

6    **plan to file objections or a reply, that party is encouraged to file a prompt notice informing**

7    **the court of as much.**

8    DATED:  August 31, 2010.

9

10                                              _____

11                                              U.S. MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   4
     will2381.57(2)