IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS

    Plaintiff,                       No. CIV S-06-2381 FCD CMK (TEMP) P

    vs.

D.L. RUNNELS, et al.                 <u>ORDER AND</u>

    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On September 1, 2010, the court entered findings and recommendations that the court dismiss defendants James, Roche and Cox and enter a default against defendant Scovel.  The entry of default was effective immediately; the dismissal of the other three defendants was not effective until the court adopted the findings and recommendations on December 10, 2010.  In the interim, defendant Scovel filed a motion to set aside the entry of default, and plaintiff filed a motion for summary judgment.  Plaintiff also filed a motion under Fed.R.Civ.P. 60(b) on December 20, 2010, ten days after the court adopted the findings and recommendations.

/////

/////

1

I.  <u>Motion to Set Aside Entry of Default</u>

Defendant Scovel filed a motion to dismiss on January 15, 2009.  <u>See</u> Docket No. 47.  It was denied when the court adopted the magistrate's findings and recommendations on the motion on September 30, 2009.  <u>See</u> Docket No. 57.  Under Fed.R.Civ.P. 12(a)(4)(A), Defendant Scovel had fourteen days from the denial of his motion in which to file an answer.  Almost one year later, when the court issued findings and recommendations on the other defendants' motion to dismiss for non-exhaustion of administrative remedies, Scovel had not filed an answer or otherwise responded to the complaint.[1]  On that basis, the court directed the Clerk of Court to enter default against Scovel.  <u>See</u> Order and Findings and Recommendations at 1 (Docket No. 85).  Scovel moved to set aside the default two days later.  <u>See</u> Motion to Set Aside Entry of Default (Docket No. 87).

Fed.R.Civ.P. 55(c) authorizes a court to set aside entry of default for "good cause."  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."  <u>O'Connor v. State of Nev.</u>, 27 F.3d 357, 364 (9th Cir. 1994).

The court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default will prejudice the plaintiff.  <u>U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1091 (9th Cir. 2010).  "[A] finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default."  <u>Id.</u>  "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  <u>Id.</u>

/////

---

[1] All of the defendants have been represented by the Office of the Attorney General since being served with process.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and intentionally failed to answer." Signed Personal Check, 615 F.3d at 1092. In contrast to requiring a separate showing of bad faith by an ordinary defendant who fails to answer, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." Id. at 1093 (citing Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 690 (9th Cir. 1988)(upholding the district court's refusal to vacate a default judgment because defendant's president, "as a lawyer, was presumably well aware of the dangers of ignoring service of process")).

Acting through counsel, Scovel explains his failure to file an answer:

> Defendants' counsel concluded that Defendant Scovel was not required to file a separate responsive pleading until after the Court issued its decision on the [other defendants'] motion. This conclusion was based upon Defendants' counsel understanding [sic] of Federal Rule of Civil Procedure 12(a)(4)(A), and also because it was an established practice of the Office of the Attorney General.

Motion at 3. Later in the motion, Scovel again relies on his "counsel's interpretation of [the rule]" and the allegedly "established practice of the Office of the Attorney General." Id. at 3.

Rules 12 (a)(1), (2) and (3) provide different time periods for filing an answer under different circumstances. Rule 12 (a)(4)(A) defines the "Effect of a Motion" filed under Rule 12 on the time allowed to file an answer. It states:

> Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A)   if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served with 14 days after notice of the court's action[.]

The court does not find in this wording any room for a plausible difference in interpretation as to the deadline for defendant Scovel's answer: it was due fourteen days after his motion to dismiss was denied – i.e., October 14, 2009. Scovel does not provide any authority for his counsel's

"understanding" of the rule and "the established practice of the Office of the Attorney General," nor does the blithe submission of that understanding, without considerably more, exculpate defendant in the face of a plainly worded rule. See, e.g., Cooey v. Strickland, 2011 WL 320166 at *2 (S.D.Ohio)("Defendants offer as explanation for their lapses that they thought that no new answers were necessary, stating that 'counsel were under the mistaken belief that this Court's scheduling order was controlling authority.' ... This understanding of civil litigation ignores Rule 12(a)(4)(A), which sets a specific answer deadline "[u]nless the court sets a different time.'")  If it is, in fact, the Attorney General's practice in cases with multiple defendants to wait until all its clients' independent motions to dismiss are resolved before filing an answer on any one defendant's behalf – even if that means going nearly a year of doing nothing after the denial of that defendant's motion to dismiss – then the Attorney General's practice puts those defendants in peril of default on the basis of its own "understanding," with no supporting authority.[2]  Indeed, that is what happened here.

        Defendant Scovel presents a weak case, then, for setting aside the default on the basis of his own conduct.  The court need not make a final determination on that factor, however, since there is no evidence of prejudice to the plaintiff.

        "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.  Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001).  "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  Id. (citation omitted).

        Plaintiff does not point to any tangible prejudice as a result of Scovel's delay in filing an answer, nor is any prejudice apparent to the court.  A review of the docket shows

---

[2] Insofar as the Attorney General represents the vast majority of defendants sued by incarcerated plaintiffs in this court, this order should serve as notice that the practice pursued and relied upon here, whether or not "established" in her office, is erroneous.

plaintiff has zealously prosecuted his case regardless of Scovel's failure to answer. Therefore, the motion to set aside the entry of default will be granted.

II. Plaintiff's Motion for Summary Judgment

Defendant Scovel correctly argues that plaintiff's motion for summary judgment is premature. Because several motions to dismiss have been pending for much of this case, there is as yet no scheduling order in place, and no formal discovery has commenced. The court therefore cannot determine whether there is any genuine dispute about a material fact in this case. Plaintiff's motion should be denied without prejudice, subject to renewal or revision after the discovery period has ended.

III. Plaintiff's Rule 60(b) Motion

Plaintiff seeks relief from the dismissal of defendants James, Cox and Roche on the basis of mistake, under Rule 60(b)(1). Plaintiff claims the mistake lies in the court's statement, in adopting the recommendation of dismissal of those defendants, that plaintiff had filed no objections. Plaintiff protests that he filed objections on September 12, 2010, and he attaches a copy of them to his motion.

The court has no record of plaintiff's September 12 objections. However, having now reviewed them upon plaintiff's inclusion of his objections with his motion, the court finds nothing in them to support vacating the dismissal of defendants James, Cox or Roche. The court will recommend that the motion for relief under Rule 60(b) be denied.

IT IS THEREFORE ORDERED that the motion to set aside entry of default (Docket No. 87) is granted. Defendant Scovel has seven days from the entry of this order in which to file an answer.

IT IS RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Docket No. 88) be denied without prejudice, subject to renewal or revision after the discovery period has ended.

2. Plaintiff's motion for relief under Rule 60(b) (Docket No. 97) be denied.

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3 one days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:  February 10, 2011

12                                    **CRAIG M. KELLISON**
                                       UNITED STATES MAGISTRATE JUDGE

18  hm
    will2381.default.msj