1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS,

11            Plaintiff,                    No. 06-cv-2381 FCD CKD P

12      vs.

13   DIAL, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  He alleges that defendants denied or delayed giving him adequate medical

18   treatment in violation of his right to be free from cruel and unusual punishment under the Eighth

19   Amendment.  This order addresses four of plaintiff's pending motions: Doc. Nos. 105, 107, 108,

20   and 112.  Defendants have not filed responses to any of these motions; however, all but one

21   maybe resolved without their input.

22   I.  <u>Review of Procedural History</u>

23            On March 7, 2011, plaintiff filed a motion for review of procedural history (Doc.

24   No. 105) in which he requests that the court vacate a December 10, 2010 district court order

25   (Doc. No. 96) adopting the previously-assigned magistrate judge's recommendation that

26   defendants James, Roche, and Cox be dismissed from this action (Doc. No. 85).  Plaintiff argues

1

1  that dismissal of these defendants is erroneous in light of the fact that, earlier, the district court

2  adopted findings and recommendations denying a prior motion to dismiss brought by these same

3  defendants.  (See Doc Nos. 54, 57.)  There is no error, however, as defendants' second,

4  successful motion to dismiss was brought on different grounds than their earlier, unsuccessful

5  motion to dismiss. (Compare Doc. No. 54 at 3-5, 7 (finding that the Second Amended Complaint

6  stated an Eighth Amendment claim against defendants James, Roche, and Cox) with Doc. 85 at 9

7  (finding that plaintiff failed to exhaust administrative remedies as to these defendants).  Thus

8  plaintiff's March 7, 2011 motion will be denied.[1]

9  II.  Service of Process

10       On April 8, 2011, plaintiff filed a motion for service of process (Doc. No. 107),

11  pointing out that defendant Dial has not been served.  On September 24, 2010, pursuant to a

12  September 1, 2010 court order (Doc. No. 85), defendants filed a status report on their attempts to

13  ascertain the whereabouts of defendant Dial.  (Doc. No. 91.)  In it, defendants requested "the

14  Court to issue an order directing the USM to serve process on Dr. Dial, and for the clerk to send

15  instructions for service, summons and copies of the relevant complaint to the USM.  Because the

16  last known address of Dr. Dial is believed to be a residence, defense counsel will provide the

17  address directly to the USM, and not in this pleading."  (Id. at 2.)  As this service order has yet to

18  issue, the court will file it concurrently with the instant order.  To this extent, plaintiff's April 8,

19  2011 motion will be granted.

20  III.  Protective Order

21       On April 15, 2011, plaintiff filed a "motion for protective order" (Doc. No. 108)

22  in which he alleges various prejudicial errors on the part of the court.  Having reviewed the

23  \\\\

24

25       [1] Plaintiff similarly argues in a June 27, 2011 filing that defendants James, Roche, and
    Cox "must be reinstated in this action."  (Doc. No. 114 at 2.)  This contention has been
26  addressed.

1   docket, the court concludes that plaintiff's arguments lack merit.[2]  Plaintiff also requests that the

2   court order medical relief, as he "has been denied therapy, for his chronic back pain, [and] denied

3   measures that would help with his pain management."   (Id. at 3.)  In support, plaintiff has

4   attached a July 7, 2010 medical report documenting an MRI of the cervical spine and indicating

5   that plaintiff has "[m]ild degenerative disc disease . . . in the mid cervical spine" and "multilevel

6   mild facet and uncovertebral hypertrophy."  (Id. at 22.)

7           On December 11, 2009, the court denied a similar "motion for protective order"

8   alleging that plaintiff was "in imminent danger" of not receiving medication for back pain.  (Doc.

9   No. 67 at 1; Doc. No. 74.)  The magistrate judge previously assigned to this case based her

10  recommendation that the motion be denied on "the sworn statement of J. Burgett, a nurse

11  practitioner at High Desert State Prison where plaintiff is housed," indicating that plaintiff was

12  given neurontin for back pain until his prescription expired in September 2009; that plaintiff was

13  subsequently prescribed Tylenol for his complaints of lower back pain; and that physical therapy

14  was ordered for him.  (Doc. No. 67; see Doc. No. 66-1.)  The magistrate judge noted that plaintiff

15  did not file an objection to Burgett's statements.[3]  (Doc. No. 67 at 2.)

16          In his 2009 motion, plaintiff sought prospective relief, alleging that "in some point

17  in the near future pain medication would be unnecessarily discontinued."  (Doc. No. 67 at 1.)

18  Here, in contrast, plaintiff alleges that he "has been denied therapy" and other pain management

19  measures.  (Doc. No. 108 at 3.)  The court understands plaintiff to allege that, at some point after

20  November 2009, when Burgett filed her statement, the medical treatment he received for chronic

21  back pain became inadequate.  (See Doc. 66-1.)  Before ruling on plaintiff's motion, the court

22  will, as before, order defendants to respond to plaintiff's allegations concerning his prior and

23

24      [2] The court notes its previous admonition that "[p]laintiff's multitudinous filings have
    become a burden for the court and have contributed to the delay in the resolution of pending
    matters in this case."  (Doc. No. 85 at 7.)

25

26      [3] Apparently Burgett was still plaintiff's medical provider as of July 2010 MRI report
    attached to his motion. (Doc. No. 108 at 22.)

1    ongoing treatment for back pain. (See Doc. 65 at 3.)  Accordingly, these claims will be held in

2    abeyance pending defendants' response.

3    IV.  Partial Summary Judgment

4           On June 17, 2011, plaintiff filed a "motion for partial summary judgment"

5    complaining for a second time that defendant Dial has not been served.  (Doc. No. 112.)  Plaintiff

6    expresses concern that Dial "may never be found" (id. at 2); however, defendants' September 24,

7    2010 status report suggests that defense counsel has a residential address for Dr. Dial, where he

8    may or may not currently reside.  (Doc. No. 91 at 2.)  As discussed above, the court will file a

9    concurrent order directing the USM to serve process on Dr. Dial.  Therefore, the instant motion

10   will be denied as moot.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's March 7, 2011 motion for review of procedural history (Doc. No.

13   105) is denied;

14          2. Plaintiff's April 8, 2011 motion for service of process (Doc. No. 107) is granted

15   insofar as service will be ordered concurrently on defendant Dial;

16          3. Plaintiff's April 15, 2011 motion for protective order (Doc. No. 108) is denied

17   except as to plaintiff's allegations of inadequate treatment for lower back pain, which are held in

18   abeyance;

19          4. Defendants shall file a response to plaintiff's allegations in Doc. No. 108 that

20   he received and continues to receive inadequate treatment for lower back pain, within fourteen

21   days of this order; and

22   ////

23   ////

24   ////

25   ////

26   ////

1      5. Plaintiff's June 17, 2011 motion for partial summary judgment (Doc. No. 112.)

2  is denied as moot.

3

4

5     Dated: August 8, 2011

6                                                      CAROLYN K. DELANEY
                                                       UNITED STATES MAGISTRATE JUDGE

7

8     2
      will2381.ord
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26