IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

        Plaintiff,                    No. CIV S-06-2381 FCD CKD P

    vs.

DIAL, et al.,

        Defendants.              ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's May 4, 2011 motion to compel defendant Scovel to answer interrogatories, to which Scovel filed an opposition on May 26, 2011, after which plaintiff filed a reply on June 6, 2011. Also pending is plaintiff's July 22, 2011 motion for production of documents, to which defendants have not responded. Pursuant to the analysis below, the court will partially grant, and partially deny, both of these motions.

       In this action, which proceeds against defendants Scovel and Dial on the Second Amended Complaint (SAC) filed on March 17, 2008, plaintiff alleges that Dial, a physician, and Scovel, a nurse, at High Desert State Prison, were deliberately indifferent to plaintiff's serious medical needs and denied him adequate medical treatment for prostate cancer. Service was ordered on defendant Dial on August 9, 2011 (Dkt. No. 117), and he has not yet responded to the

1

1  SAC (see Dkt. No.139), so the instant discovery dispute concerns only defendant Scovel.

2  I. Interrogatories

3  Plaintiff by his motion avers that defendant Scovel's responses to his First Request for Interrogatories (Dkt. No. 109, Attachment 1 ("Responses")) are deficient and seeks to compel supplemental responses to some or all of them.  Plaintiff propounded 25 interrogatories in this request, and because it is not clear from his motion whether plaintiff is satisfied with Scovel's responses to any of them, the court will address all of them here.

Under the Federal Rules of Civil Procedure, a responding party is obligated to respond to interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr.30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D.Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

In his opposition, defendant Scovel argues that, as to Interrogatory Nos. 1-3, 5-13, and 17-23, plaintiff's motion should be denied "because he failed to give notice to Defendants, or the Court, as to how Defendants' responses are deficient."  (Dkt. No. 110 ("Opp.") at 2.)

Defendant has a point.  See Cal. Rules of Court, Rule 3.1345(c) (party moving to compel discovery responses must include reasons why further answers should be ordered: legal or factual arguments why the answers given were incomplete or nonresponsive, or the objections invalid).  As to Interrogatory Nos. 3, 7, 8, 9, and 10, plaintiff complains that defendant's responses are "laced with ambiguity" (Dkt. No. 109 ("Mtn.") at 2).  He also asserts that "all his questions are posed to show that plaintiff was in great need of pain relief."  (Id.)  Plaintiff offers

no further argument as to why these responses, or any others specified by defendant above, are inadequate under the Federal Rules of Civil Procedure. Having carefully reviewed defendant's responses to these interrogatories, the court concludes that defendant made reasonable attempts to respond to the questions posed. For example, in Interrogatory No. 20, plaintiff asks: "Does a prescription from outside the institution count." While objecting that this request is nonsensical, vague and ambiguous as to time and scope and as to "count," defendant Scovel responds that "prescriptions from non-CDCR doctors are considered recommendations and physicians at CTC must re-write prescriptions from outside doctors." (Responses at 7.) Other responses to these interrogatories make similar objections but also provide brief but informative answers. Thus, the court will deny plaintiff's motion as to these interrogatories.

Plaintiff also argues, in more detail, that defendant's responses to the following interrogatories are deficient:

Interrogatory No. 4:

"In your professional perspective was C.T.C. efficient in it's care of Patient Plaintiff at his admittance."

Response to Interrogatory No. 4:

"Defendant objects to this request on the grounds that it is nonsensical, vague and ambiguous as to time and scope and as to "professional perspective," "efficient," "care," and "admittance," and inappropriately seeks an expert opinion. For these reasons, Defendant cannot answer this interrogatory."

(Responses at 2.) Plaintiff argues that defendant "must answer [this request] with specificity, which goes to understanding the plaintiff's condition at the time specific. . . . As to (4), defendant [must?] answer, or be declared not an expert, or professional in his respective position." (Mtn. at 3.) Defendant Scovel responds that "he is neither an expert witness nor a doctor, so he cannot give an expert opinion. Further, Plaintiff does not explain what he means regarding C.T.C.'s care being efficient. Because of this ambiguity, Defendant Scovel can only speculate as to what Plaintiff means, which he is not required to do [] under the rules of discovery." (Opp. at 3.) The

1 court will sustain defendant's objection as to vagueness and ambiguity, and will deny plaintiff's

2 motion as to Interrogatory No. 4.[1]

3 <u>Interrogatory No. 14</u>:

4 "In your Professional/Perspective absent any arrogance, is it smart
to refuse pain medication the day after two major surjery's.
5 A) If yes, explain . . .
B) If no, explain . . .

6

<u>Response to Interrogatory No. 14</u>:

7

"Defendant objects to this request on the grounds that it is
8 compound, nonsensical, argumentative, vague and ambiguous as to
time and scope and as to "Professional/Perspective," "absent any
9 arrogance," "smart," "refuse," and "major serjery's." [C]alls for
speculation, and presents an incomplete hypothetical. Without
10 waiving these objections, this interrogatory is so vague that
Defendant is unable to answer it.

11

12 (Responses at 5.) Here, plaintiff is essentially asking for a medical opinion based on a bare-

13 bones hypothetical, absent the patient-specific facts that would form the basis of an actual

14 medical opinion. Moreover, as noted above, defendant Scovel is not a physician and does not

15 claim to be a medical expert. The court will sustain defendant's objection as to vagueness and

16 deny plaintiff's motion as to Interrogatory No. 4.

17   Plaintiff also objects to defendant's refusal to answer Interrogatory No. 15

18 ("Explain the advantages of tylenol and codeine and it's disadvantages."). (Responses at 5-6.)

19 For the same reasons as above, the court will sustain defendant's objection that "this

20 interrogatory is so vague that Defendant is unable to answer it." (<u>Id</u>.)

21   Similarly, plaintiff objects to defendant's refusal to answer Interrogatory No. 16

22 ("Explain the advantages of naproxen, and it's disadvantages.") For the same reasons as above,

23 the court will sustain defendant's objection that "this interrogatory is so vague that Defendant is

24 ──────────

25   [1] In his reply, plaintiff offers "rephrased" Interrogatory Nos. 4, 14, 15, 16, and 18. (Dkt.
No. 111 at 3-4.) As it would be unfair to allow plaintiff to effectively serve new interrogatories
on defendant Scovel long after the discovery deadline has passed, the court will only consider
26 those interrogatories originally propounded by plaintiff.

4

1 unable to answer it."  (Id.)

      Interrogatory No. 24:

      "What proof do you have to support your affirmative defense No. 5?"

      Response to Interrogatory No. 24:

      "Defendant objects to this interrogatory on the grounds that it is in excess of the twenty-five interrogatories, including subparts, permitted by Rule 33, of the Federal Rules of Civil Procedure, and Plaintiff has failed to obtain permission of the Court to propound additional interrogatories."

(Responses at 8.)  The numerical limit on interrogatories is designed to provide judicial scrutiny before parties make potentially excessive use of this discovery method.  Adv. Comm. Notes on 1993 Amendments to Federal Rule of Civil Procedure ("Rule") 33(a)(1).  Here, given that plaintiff is proceeding pro se, the court will permit plaintiff to propound Interrogatory No. 24 even if it brings the total number of interrogatories to more than twenty-five discrete subparts.  This does not constitute an excessive use of interrogatories, in the court's view.  Therefore, the court will grant plaintiff's motion to compel as to Interrogatory No. 25.  See Rule 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."); Rule 26(e)(1)(B) "A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or request . . . as ordered by the court.")

      Interrogatory No. 25:

      "What is the policy on outside services once determined the need is critical."

      Response to Interrogatory No. 25:

      "Defendant objects to this interrogatory on the grounds that it is in excess of the twenty-five interrogatories, including subparts, permitted by Rule 33, of the Federal Rules of Civil Procedure, and Plaintiff has failed to obtain permission of the Court to propound additional interrogatories."

(Responses at 8-9.)

This request is inartfully drafted and somewhat vague. However, for the reasons discussed as to Interrogatory No. 24, the court will grant plaintiff's motion as to Interrogatory No. 25 to the following extent: Defendant is to set forth all CDCR and/or HDSP policies concerning how prison medical staff determine whether an inmate requires outside medical services.

III. Documents

On July 22, 2011, plaintiff filed a short motion "for production of endorsed set of first interrogatories. Amended portions thereof." (Dkt. No. 115.) He requests that "the transcripts of the interrogatory taken against plaintiff on June 10, 2011" be forwarded to plaintiff at his current address. The court assumes that plaintiff is referring to the transcript of a June 10, 2011 deposition that was apparently taken of plaintiff by defendants. (See Dkt. No. 123-3 at 15.) To assist plaintiff in proceeding while incarcerated and pro se, the court will order defendants to send plaintiff a complete transcript of this deposition at his current address if defendants have not already done so.

Finding no other colorable request in this three-page motion, the court will otherwise deny the motion.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendant to answer interrogatories (Dkt. No. 109), filed May 4, 2011, is granted in part and denied in part, as follows:

    (a) denied as to Interrogatories 1 through 23;

    (b) granted as to Interrogatory No. 24;

    (c) granted as to Interrogatory No. 25 to the following extent: Defendant is to set forth all CDCR and/or HDSP policies concerning how prison medical staff determine whether an inmate requires outside medical services.

2. As to those requests for which plaintiff's motion has been granted, defendant will have twenty-one (21) days to serve his supplemental responses and to file proof of service thereof in this court.

3. Plaintiff's motion for production of documents (Dkt. No. 115), filed July 22, 2011, is granted to the following extent: Within twenty-one (21) days, defendants shall mail plaintiff a complete transcript of defendants' June 10, 2011 deposition of plaintiff, unless defendants have already done so, in which case they shall so notify the court. This motion is in all other respects denied.

Dated: November 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2381.mtc