IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN WILLIAMS, | | |
| | Plaintiff, | No. CIV S-06-2381 MCE CKD P |
| vs. | | |
| D. L. RUNNELS, et al., | | |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

I. Introduction

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the Second Amended Complaint (SAC), filed March 17, 2008, which alleges that defendants delayed or denied giving plaintiff adequate medical treatment in violation of the Eighth Amendment while he was incarcerated at High Desert State Prison (HDSP). (Dkt. No. 25.) The two remaining defendants are Dial and Scovel. (See Dkt. Nos. 57 (granting motion to dismiss as to Runnels), 96 (granting motion to dismiss as to James, Roche, and Cox).) Pending before the court is Dial's November 14, 2011 motion to dismiss the SAC for failure to exhaust administrative remedies. (Dkt. No. 141.) Plaintiff filed an opposition, and defendant Dial filed a reply. (Dkt. Nos. 148, 155.) For the reasons discussed below, the undersigned will recommend that Dial's motion to dismiss be granted.

II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to this rule, prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion also requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81 (2006).

The PLRA requires that administrative remedies be exhausted prior to filing suit. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). However, the exhaustion requirement is not jurisdictional, but an affirmative defense that may be raised by a defendant in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117–19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense. Id. at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed

on exhausted claims). Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." Jones, supra, 549 U.S. at 218. In California, prisoners are required to lodge their administrative complaint on a CDC Form 602, which requires only that the prisoner "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit Court of Appeals adopted the standard enunciated by the Seventh Circuit, which provides that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin, 557 F.3d at 1120 (reviewing Arizona procedures), quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Thus, in California, "[a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120; accord, Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010).

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219. It is nonetheless appropriate to require that a prisoner demonstrate, through the administrative grievance process and consistent with the PLRA, that he has standing to pursue his claims against a particular defendant. "[A]t an irreducible minimum, Art[icle] III [of the United States Constitution] requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982).

\\\\\

III.  Motion to Dismiss

Unlike the other defendants who were served earlier, Dial was served with the SAC more than three years after it was filed, on September 8, 2011.  (Dkt. Nos. 118, 125.)  Prior to service on Dial, defendants James, Roche, and Cox successfully brought a motion to dismiss the SAC for failure to exhaust administrative remedies.  (Dkt. Nos. 85 (magistrate's findings and recommendations), 96 (order adopting findings and recommendations).)  Like defendants James and Cox, Dial was a physician at HDSP whom plaintiff allegedly saw for pain and suffering and for "possible treatment" of plaintiff's prostate cancer, and was denied help.  (SAC at 4-5.)

Dial's motion covers the same ground as James, Roche, and Cox's earlier motion to dismiss for failure to exhaust administrative remedies.  (Compare Dkt. No. 56 with Dkt. No. 141.)  As in defendants' earlier motion, Dial argues that, while plaintiff's administrative appeals concerned his post-surgical care, the allegations in the SAC concern his pre-surgical treatment:

> Although [plaintiff] filed numerous appeals while housed at HDSP, only three of those appeals concerned medical issues, and none of those concerned the allegations in Plaintiff's complaint against defendant Dial.  Indeed, Plaintiff's allegations in the SAC against Defendant Dial, like the other physicians, concern his treatment, or lack thereof, to see a specialist for Plaintiff's 'growing cancer' and [allege] that years of denials to see a specialist led to 'no treatment but removal only.'  However, . . . Plaintiff's exhausted medical appeals only concern his treatment after removal of his prostate, which is not the subject of the SAC.  Thus, plaintiff has not exhausted his claims against Defendant Dial.

(Dkt. No. 141 at 5.)

Because Dial makes the same argument as James, Roche and Cox in their earlier motion to dismiss, the instant motion cannot be considered in a vacuum.  "Under the law-of-the-case doctrine, a court will not reexamine an issue previously decided by the same or higher court in the same case."  Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001).  The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion.  Arizona v. California, 460 U.S. 605, 618 (1983).  A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has

been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it departs from the law-of-the-case doctrine without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993).

In her September 1, 2010 findings concerning the earlier motion to dismiss, the previously assigned magistrate judge found that plaintiff filed three medical appeals while housed at HDSP:

> In the first appeal, plaintiff complained of his state issued boots and medication for pain. [Record citation to Log. No. HDSP-02-01055.] In the second, plaintiff complained of the denial of medication and unsanitary conditions at the prison medical facility following his prostatectomy. [Record citation to Log. No. HDSP-05-02947.] In the third, plaintiff alleged he was still suffering from post-surgery complications when he was shot with a "block gun" and received no medical attention afterwards, further complicating his condition. [Record citation to Log. No. HDSP-06-00713.]

(Dkt. No. 85 at 3.) There was no evidence that plaintiff had filed an appeal "concerning defendants' pre-surgery denial of referral to a specialist." (Id. at 4.)

The magistrate judge concluded that:

> Defendants correctly make the distinction between claims regarding pre-prostatectomy and post-prostatectomy treatment in their motion to dismiss for failure to exhaust. There is no evidence that plaintiff exhausted his claim for inadequate pre-surgery treatment against defendants James, Roche, or Cox. . . .
>
> [P]laintiff's second amended complaint alleges deliberate indifference against James, Roche and Cox for their failure to refer him to a specialist before prostatectomy became necessary. Even with the liberal reading afforded pleadings by pro se litigants, the court can draw no reasonable inference from those allegations that would include James, Roche and Cox in a claim for post-surgery mistreatment.[1] Therefore the instant motion to dismiss for failure to exhaust should be granted.

---

[1] The court noted that, in contrast, the SAC did state a claim against defendant Scovel based on alleged events after plaintiff's return from surgery. (Id. at 6, n.5.)

5

(Dkt. No. 85 at 5-6.)

Under the law of the case doctrine, there is no reason not to extend these conclusions to Dial's motion to dismiss, which raises the same factual and legal arguments as the previous three defendants. As with those defendants, the allegations in the SAC concerning Dial clearly seem to refer to pre-prostatectomy treatment. After describing the pre-surgery actions of physicians James and Cox, the SAC names Dial as "yet another primary physician who plaintiff seen on several occasions for pain and suffering and possible treatment. As a result, plaintiff was again [blatantly] and deliberately denied any help." In contrast, the SAC describes defendant Scovel as "a nurse who treated me upon my return on 8-3-05." (SAC at 4-5.)

In his opposition, plaintiff contends that the SAC raises both pre-and post-surgery claims against defendant Dial and both claims are exhausted. (Dkt. No. 148.) However, like the previously assigned magistrate judge, the undersigned can draw no reasonable inference from the language of the SAC that would include defendant Dial in a claim for post-surgical medical indifference. Thus, for the reasons discussed in the September 1, 2010 findings and recommendations, the undersigned concludes that plaintiff failed to exhaust his claim concerning pre-surgical treatment as to defendant Dial.

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY RECOMMENDED that defendant Dial's November 14, 2011 motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 141) be granted and this action be dismissed as to defendant Dial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2381.mtd