1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS,

11          Plaintiff,                    No. 2:06-cv-2381 MCE CKD P

12      vs.

13   D. L. RUNNELS, et al.,

14          Defendants.              ORDER

15   _____/

16          Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, No. 09-15548

17   (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for

18   opposing (1) the motion for summary judgment filed by defendant Scovel on September 9, 2011

19   (Dkt. No. 123); and (2) the motion to dismiss for failure to exhaust administrative remedies filed

20   by defendant Dial on November 14, 2011 (Dkt. No. 141).[1]

21   I. Motion for Summary Judgment

22          On May 31, 2012, the court issued findings and a recommendation that defendant

23   Scovel's motion for summary judgment be granted.  (Dkt. No. 162.)  On July 3, 2012, the court

24   granted plaintiff an additional 45 days to file and serve objections to these findings and

25   _____

26          [1] Plaintiff was also advised of these requirements on August 13, 2008.  (Dkt. No. 32.)

1  recommendations.  (Dkt. No. 166.)  Plaintiff has yet to file objections.

2         The motion arises under Rule 56 of the Federal Rules of Civil Procedure.  Such a

3  motion is a request for an order for judgment in favor of the defendant without trial.  A

4  defendant's motion for summary judgment will set forth the facts that the defendant contends are

5  not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion

6  for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in

7  one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under

8  penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge

9  of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.

10  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

11  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

12  have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff

13  must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any

14  part of the transcript of one or more depositions, answers to interrogatories, or admissions

15  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

16  counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true

17  and grant the motion.  If there is some good reason why such facts are not available to plaintiff

18  when required to oppose a motion for summary judgment, the court will consider a request to

19  postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does

20  not serve and file a written opposition to the motion, or a request to postpone consideration of the

21  motion, the court may consider the failure to act as a waiver of opposition to the defendant's

22  motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed

23  or unopposed, judgment will be entered for the defendant without a trial and the case will be

24  closed as to that defendant.

25         Unsigned affidavits or declarations will be stricken, and affidavits or declarations

26  not signed under penalty of perjury have no evidentiary value.

1    Plaintiff now having received the notice required under <u>Woods v. Carey</u>, No. 09-

2 15548 (9th Cir. July 6, 2012), the court will permit plaintiff to file, along with any objections,

3 additional evidentiary materials regarding defendant Scovel's motion for summary judgment, but

4 it is not required.  No further extensions of time will be given.

5 II.  <u>Motion to Dismiss for Failure to Exhaust</u>

6    On May 23, 2012, the court issued findings and a recommendation that defendant

7 Dial's motion to dismiss the SAC for failure to exhaust administrative remedies be granted.

8 (Dkt. No. 161.)  On July 9, 2012, plaintiff filed objections to these findings and

9 recommendations.  (Dkt. No. 167.)

10    Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court

11 hereby informs plaintiff of the following requirements for opposing a motion to dismiss for

12 failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a

13 request that the court dismiss without prejudice any unexhausted claims.  The moving party may

14 submit affidavits or declarations under penalty of perjury and admissible documents to support

15 the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under

16 penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made

17 under penalty of perjury in the complaint if the complaint shows that plaintiff has personal

18 knowledge of the matters stated and plaintiff specifies the parts of the complaint on which

19 plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other

20 persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely on

21 written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If

22 plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on

23 defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court

24 may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a

25 written opposition to the motion, the court may consider the failure to act as a waiver of

26 opposition to the motion.  <u>See</u> L.R. 230(l).  If the court grants the motion to dismiss, whether

3

opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

Plaintiff now having received the notice required under <u>Woods</u>, the court will grant plaintiff  21 days to file additional evidentiary materials regarding defendant Dial's motion to dismiss for failure to exhaust administrative remedies, but it is not required.  No further extensions of time will be given.

III.  <u>Conclusion</u>

Plaintiff now having received the notice required under <u>Woods v. Carey</u>, No. 09-15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that:

1.  Plaintiff may file, along with any objections to the court's findings of May 31, 2012, additional evidentiary materials regarding defendant Scovel's motion for summary judgment, but it is not required.  No further extensions of time will be given.  (<u>See</u> Dkt. No. 166 (granting 45-day-extension of time to file objections).

2.  Plaintiff will be provided 21 days to file additional evidentiary materials regarding defendant Dial's motion to dismiss for failure to exhaust administrative remedies, but it is not required.  No further extensions of time will be given.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2391.not