IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

        Plaintiff,                            No. 2:06-cv-2381 MCE CKD P

     vs.

D. L. RUNNELS, et al.,

        Defendants.                 ORDER

_____/

        Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing (1) the motion for summary judgment filed by defendant Scovel on September 9, 2011 (Dkt. No. 123); and (2) the motion to dismiss for failure to exhaust administrative remedies filed by defendant Dial on November 14, 2011 (Dkt. No. 141).[1]

I. Motion for Summary Judgment

        On May 31, 2012, the court issued findings and a recommendation that defendant Scovel's motion for summary judgment be granted. (Dkt. No. 162.) On July 3, 2012, the court granted plaintiff an additional 45 days to file and serve objections to these findings and

---

[1] Plaintiff was also advised of these requirements on August 13, 2008. (Dkt. No. 32.)

1

recommendations. (Dkt. No. 166.) Plaintiff has yet to file objections.

The motion arises under Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

Plaintiff now having received the notice required under Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), the court will permit plaintiff to file, along with any objections, additional evidentiary materials regarding defendant Scovel's motion for summary judgment, but it is not required.  No further extensions of time will be given.

II. Motion to Dismiss for Failure to Exhaust

On May 23, 2012, the court issued findings and a recommendation that defendant Dial's motion to dismiss the SAC for failure to exhaust administrative remedies be granted. (Dkt. No. 161.)  On July 9, 2012, plaintiff filed objections to these findings and recommendations.  (Dkt. No. 167.)

Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a request that the court dismiss without prejudice any unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether

opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

Plaintiff now having received the notice required under Woods, the court will grant plaintiff 21 days to file additional evidentiary materials regarding defendant Dial's motion to dismiss for failure to exhaust administrative remedies, but it is not required. No further extensions of time will be given.

III. Conclusion

Plaintiff now having received the notice required under Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that:

1. Plaintiff may file, along with any objections to the court's findings of May 31, 2012, additional evidentiary materials regarding defendant Scovel's motion for summary judgment, but it is not required. No further extensions of time will be given. (See Dkt. No. 166 (granting 45-day-extension of time to file objections).

2. Plaintiff will be provided 21 days to file additional evidentiary materials regarding defendant Dial's motion to dismiss for failure to exhaust administrative remedies, but it is not required. No further extensions of time will be given.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2391.not